**DIRECT MARKETING CONCEPTS, INC., Plaintiff,**

**v.**

**Kevin TRUDEAU, Robert Barefoot, Shop America (USA) L.L.C., Shop America Marketing Group, LLC, Defendants.**

**Kevin TRUDEAU, Robert Barefoot, Shop America (USA) L.L.C., Shop America Marketing Group, LLC, Counterplaintiffs,**

**v.**

**DIRECT MARKETING CONCEPTS, INC., Counterdefendant,**

**and**

**TRIAD ML MARKETING, INC., and King Media, Inc., Third–Party Counterdefendants.**

**No. 02 C 9014.**

United States District Court, N.D. Illinois, Eastern Division.

June 3, 2003.

*SUPPLEMENT TO MEMORANDUM OPINION AND ORDER*

SHADUR, Senior J.

After the issuance of its May 30, 2003 memorandum opinion and order ("Opinion II")[1] that denied leave to Trudeau to assert his proposed ACc, this Court has turned to the undisposed-of Fed.R.Civ.P. ("Rule") 56 motion for summary judgment against Shop America (USA) L.L.C. and

---

**1.** This supplement naturally assumes full familiarity with Opinion II. Its factual recital will not be repeated, and all defined terms in Opinion II will be employed here as well.

Shop America Marketing Group L.L.C. (collectively "Shop America") as to the original Counterclaim that Shop American had filed with Trudeau. Analysis of that motion has prompted this Court's realization that it ought to articulate explicitly an aspect of its conceptualization of Trudeau's efforts that it addressed in its earlier April 30, 2003 memorandum opinion and order ("Opinion I"), but that was only implicitly (though importantly) a part of Opinion II.

It will be recalled that Trudeau's first complaint in the California Action before Judge Real had been predicated on theories of misappropriation of his name and likeness by Direct Marketing. When Judge Real dismissed Trudeau's action, Trudeau then sought to advance the identical set of facts as the predicate for recovery under breach of contract and unjust enrichment theories. And of course those selfsame facts have formed the gravamen of Trudeau's original Counterclaim and proposed ACc here.

What Trudeau continues to ignore here, just as he did in his submissions that this Court rejected in Opinion I, is that his efforts to assert multiple—and shifting—theories of recovery for a single course of conduct that assertedly inflicts harm on him present just *one* "claim for relief," which is the operative term in federal pleading. In that respect this supplement might well repeat the insightful and incisive treatment of that subject in *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir.1992), quoted at length in Opinion 1.

So no matter how many different ways, and in how many different wrappers, Trudeau tries to dress up his claim against Direct Marketing, it remains a single claim. And it will be remembered that a Rule 12(b)(6) denial is a ruling that the complaint has flunked the test articulated nearly a half-century ago in *Conley v. Gib-*

*son*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) and reaffirmed in *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984):

> A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

That then further confirms the applicability against Trudeau of issue preclusion, as held in Opinion II, just as it supported the application of claim preclusion, as held in Opinion I. And that is why Trudeau's proposed ACc is barred, just as his original Counterclaim was.